Gregoretti v 92 Morningside Ave. LLC (2018 NY Slip Op 07830)





Gregoretti v 92 Morningside Ave. LLC


2018 NY Slip Op 07830


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7629 157151/14

[*1]Nicola Gregoretti, Plaintiff-Appellant,
v
92 Morningside Avenue LLC, et al., Defendants-Respondents.


Sokolski & Zekaria, P.C., New York (Daphna Zekaria of counsel), for appellant.
Stern & Stern, Brooklyn (Pamela E. Smith of counsel), for 92 Morningside Avenue LLC, respondent.
Sidrane & Schwartz-Sidrane, LLP, Rockville Centre (Arun Perinbasekar of counsel), for Grossinger Management1 Inc., 92 Morningside, Inc., 92-98 Morningside LLC and Baruch Singer, respondents.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 7, 2017, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff seeks to be restored, as a rent-stabilized tenant, to occupancy of apartment 71 in defendants' building, in which he had resided until a fire rendered the building uninhabitable in 2002.
The record demonstrates that the building was "effectively demolished" by a second massive fire in 2012 and that therefore there is no longer an apartment 71 to which to restore plaintiff (see Quiles v Term Equities, 22 AD3d 417, 421 [1st Dept 2005]; Lepore v 65 Whipple LLC, 2018 NY Slip Op 51319[U] [Civ Ct, Kings County 2018]). Defendants established prima facie that, following the second fire, the building was essentially an empty shell. They submitted evidence that the building had no windows and was completely boarded up, that its interior, including floor joists and the stairwell, had completely collapsed, that it was impossible to make one's way into the building beyond what had been the lobby, and that the building had no boiler, copper piping, or any other functioning systems. Plaintiff submitted no evidence in opposition.
Plaintiff relies on a finding adverse to the building's prior owners that was made in an action brought following the first fire. However, the factual findings of the court in the prior action were rendered irrelevant by the second fire.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK